McDONALD et ux. v. McADAMS.

(Circuit Court, E. D. Pennsylvania. March 1, 1907.)

No. 53.

ABATEMENT—NONJOINDER OF DEFENDANT—ACTION IN TORT.

In an action to recover damages for a personal injury alleged to have been caused by the negligence of defendant in constructing an unsafe sidewalk in front of his property, the fact that at the time defendant and another, who is not joined, were tenants in common of the property, cannot be pleaded in abatement under the Pennsylvania practice, the action being in tort, and the plaintiff entitled to sue one or all of those liable.

At Law. On demurrer to plea in abatement.

Francis Fisher Kane, for plaintiffs.

F. M. McAdams, William H. Wilson, and Joseph P. Rogers, for defendant.

J. B. McPHERSON, District Judge. This is an action of tort to recover damages for personal injuries, and the ground of recovery is stated to be that the defendant, several years ago, so negligently placed a flagstone in the pavement in front of his property that a portion of the stone projected four inches above the surface of the sidewalk, thereby constituting a danger to the safety of persons passing and repassing upon the sidewalk, and causing the injury complained of. It is further charged that the stone was not only placed in this position by the defendant, but was there maintained by him down to the time of the injury. The plea in abatement sets up that the defendant

is a tenant in common of the premises with another person, whom he avers to be jointly liable with himself—if any liability exists at all—and he asks to have the writ and declaration quashed upon the ground that the two owners were not joined in the suit. To this plea a demurrer has been filed and argument has been had thereon. The principal reliance of the defendant is to be found in several brief citations, of which the following from 2 Troubat & Haly's Pennsylvania Practice, p. 151, may be regarded as typical:

"Therefore, if only one tenant in common be sued in trespass, trover, or case, for anything respecting the land held in common, he may plead the tenancy in common in abatement."

This, however, is a misleading quotation, for it stops in the middle of the sentence, and omits to add the following material qualification:

"But this rule cannot apply where the title to land cannot come in question; thus, where the act complained of consists in a malfeasance, as if the defendants have erected a nuisance on their land, no advantage can be taken of the nonjoinder, for in such case their title cannot come in question, and they are equally liable, whether they have a right in the land or not; but where the tort consisted in the omission of some act, which as owners they were bound to perform, then all must be joined, as in such case the title to realty will come in question—that is, whether the defendants, by reason of their ownership, were bound to perform the act, for the omission of which the action is brought."

It is evident, therefore, that this citation (and the others do not differ substantially) does not sustain the defendant's position. He is sued for a personal tort, and the ordinary rule applies which permits a plaintiff to sue either one or more of those who have jointly done the wrong. Moreover, the defendant does not aver that his co-tenant had anything to do with placing the stone originally or maintaining it afterwards; he merely sets up the common ownership on the date when the stone was placed, and prior thereto.

The demurrer is sustained, and it is ordered that the defendant plead issuably within five days. Upon his failure so to do, the clerk is directed to enter a plea of "not guilty" in his behalf.